NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALIF BASS,                                        :
                                                  :        **Civil Action No. 11-2205 (SRC)**
                                   Petitioner,    :
                                                  :                   **OPINION**
                        v.                        :
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
                                   Respondent.    :
                                                  :

**CHESLER**, District Judge

      *Pro se* Petitioner Alif Bass (hereinafter "Bass" or "Petitioner"), a prisoner currently

confined at the Federal Correctional Institute in Otisville, New York, has filed a motion to

vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on the alleged

violation of his Sixth Amendment right to the effective assistance of counsel.  Specifically, Bass

maintains that the failure of his counsel, Thomas R. Ashley and Paul W. Bergrin (hereinafter

"Counsel"), to argue for the applicability of the 2007 Sentencing Guidelines as opposed to

stipulating to the use of the 2005 Guidelines, and failure to pursue an objection to the Pre-

sentence Investigation Report that Bass's twin brother committed the May 19, 2002 possession

offense, gave rise to a Sixth Amendment violation.  The Respondent, the United States of

America (hereinafter "the Government"), filed its Answer, as ordered by the Court.  The

Government opposes the petition on grounds that Petitioner's claims have already been

adjudicated by the Third Circuit, barring Petitioner from relitigating the issues.  It alternatively

argues that Petitioner's ineffective assistance of counsel claim is not legally cognizable since his

Counsel acted effectively and none of their alleged deficiencies would have resulted in prejudice

that would have warranted granting an adjustment at sentencing.  The Court has considered the

papers filed and for reasons discussed below, denies Petitioner's section 2255 motion.


I.      BACKGROUND

On March 15, 2007, a federal grand jury returned an indictment charging Bass with

possession of three firearms and ammunition over two separate dates in May and August 2006, in

violation of 18 U.S.C. § 922(g)(1).  On December 19, 2007, Bass pled guilty to the charge.  In

the plea agreement, Bass and the Government stipulated that a total offense level of 23 applied to

Bass and that a sentence within the corresponding range under the 2005 United States Sentencing

Guidelines would be reasonable.  They further agreed, in paragraph 9 of Schedule A of the plea

agreement, not to seek any departures, adjustments or variances apart from those set forth in the

plea agreement.  Bass also waived his right to file any appeal, collateral attack or any other

motion challenging the sentence to be imposed by the Court if the sentence fell within or below

the applicable guideline range.  On July 14, 2008, the Court sentenced Bass to 103 months'

imprisonment, a term which fell within the sentencing range applicable to Bass based his

criminal history and an offense level of 23.

Bass appealed his conviction to the Third Circuit on July 21, 2008, challenging the

calculation of his criminal history under the 2005 Guidelines and seeking application of the 2008

Guidelines.  Subsequently, Bass amended his opening brief to include the assertion that the July

12, 2004 conviction, for his May 2002 possession of a controlled dangerous substance with intent

to distribute, was improperly attributed to him because the offense had been committed by his

twin brother.  The Third Circuit affirmed Petitioner's 103-month sentence.  Bass has now moved

to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.


## II.    DISCUSSION

Bass is a *pro se* petitioner.  A *pro se* pleading is held to less stringent standards than more

formal pleadings filed by lawyers.  *Haines v. Lerner*, 404 U.S. 519, 520 (1972).  Our

jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed

liberally and with a measure of tolerance.  *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

However, even applying this generous standard, the Court finds that Petitioner's § 2255 petition

must be denied.

### A.    Ineffective Assistance of Counsel Claim

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his

sentence as having been imposed in violation of the Constitution.  *United States v. Nino*, 878

F.2d 101, 103 (3d Cir. 1989).  In considering a motion brought pursuant to section 2255, the

Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous

on the basis of the existing record."  *United States v. Garvin*, 270 F. App'x 141, 143 (3d Cir.

2008) (citing *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005)).  Moreover, the Court

"must order an evidentiary hearing to determine the facts unless the motion and files and records

of the case show conclusively that the movant is not entitled to relief."  *Gov't of Virgin Islands v.

Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  As the discussion below will illustrate, the facts

concerning Petitioner's habeas corpus claim are clear, and the Court has determined that no

hearing is necessary.

In this section 2255 motion, Petitioner collaterally attacks his sentence based on the claim

that he was denied his Sixth Amendment right to effective assistance of counsel.  *McMann v.*

*Richardson*, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of

assistance of counsel to accused in criminal prosecution includes right to effective assistance of

counsel).  The Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668 (1984) sets

forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of

effective assistance of counsel has been violated.  The *Strickland* Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to
> require reversal of a conviction or death sentence has two components. First, the
> defendant must show that counsel's performance was deficient. This requires
> showing that counsel made errors so serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive the defendant
> of a fair trial, a trial whose result is reliable. Unless a defendant makes both
> showings, it cannot be said that the conviction or death sentence resulted from a
> breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.  The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective

assistance of counsel requires that the petitioner satisfy both prongs of the *Strickland* test: a

breach of duty and prejudice as a result of that breach.  *Nino*, 878 F.2d at 103-04.  The petitioner

bears the burden of proof to demonstrate ineffective assistance of counsel.  *United States v.*

*Baynes*, 622 F.2d 66, 69 (3d Cir. 1980).

Petitioner has not met this burden.  Petitioner's argument that his Counsel's failure to

seek the application of the 2007 Guidelines constituted deficient performance is wholly

inconsistent with Petitioner's own stipulation at sentencing that the 2005 Guidelines applied.

Indeed, had Counsel done what Petitioner belatedly contends they should have done at

sentencing, Petitioner would have breached the terms of the plea agreement.  In addition, prior to

sentencing, defense Counsel filed objections to the Pre-sentence Investigation Report,

challenging, among other things, the attribution of the July 12, 2004 conviction to Petitioner,

urging the prosecution to recheck the fingerprint records to confirm the identity of the individual

convicted for each of Bass's prior offenses.  As such, Petitioner has failed to meet the *Strickland*

standard of deficient performance.

Additionally, even were the Court to assume for the sake of argument that Counsel's

performance was deficient, the Court notes that Bass has made no attempt in his section 2255

petition to demonstrate that his sentence would have in fact been lower had his Counsel objected

to the Court's application of the 2005 Guidelines and his July 12, 2004 conviction.  The Supreme

Court has held that to meet the prejudice prong of ineffective assistance of counsel test, a

petitioner must show that "there is a reasonable probability that but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *See Strickland*, 466 U.S. at 694.

Petitioner's first argues that his Counsel should have argued for this Court to apply the

2007 Guidelines, which, according to Bass, prevent the Court from counting the four April 12,

2004 sentences separately.  However, the 2007 Guidelines, like the 2005 Guidelines, provide that

"[p]rior sentences always are counted separately if the sentences were imposed for offenses that

were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to

committing the second offense). . . ."  § 4A1.2(a)(2) (2007).  As the Court of Appeals held on

direct appeal, Bass's April 12, 2004 convictions still count separately under the 2007 Guidelines, rendering any error in the application of the 2005 Guidelines harmless.[1]  Bass also avers that Counsel should have objected to the Court's consideration of the sentence imposed on July 12, 2004 because that sentence and the conviction underlying it were his brother's.  Even if this were true, and Bass's criminal history score were thereby reduced from 20 to 17, he still would be in criminal history category VI and therefore would be subject to the same Guidelines range as the one this Court determined (under the 2005 Guidelines and even under the 2007 Guidelines).  In addition, given Petitioner's substantial and significant criminal record, there is no likelihood that the Court would have imposed a different sentence if his brother had been the actual offender.

As such, Bass fails to carry his burden of establishing both essential prongs of the *Strickland* test - deficiency and prejudice.  *See Forte*, 865 F.2d at 62 ("To establish that his representation was constitutionally inadequate a defendant must prove that his attorney's performance was unreasonable under prevailing professional standards and that this performance prejudiced the defense . . . .").  Therefore, the Court rejects for lack of merit the claim that Bass was denied the effective assistance of counsel and thus denies his petition to vacate, set aside or correct his sentence on that basis.

   **B.     Certificate of Appealability**

This Court must determine whether a certificate of appealability should issue.  L.A.R.

_____

   [1]  In his appeal before the Third Circuit, Petitioner argued for the applicability of the 2008 Guidelines since, according to Bass, it contained language more favorable to his interpretation of the relatedness of his prior convictions.  In rejecting Bass's appeal, the Third Circuit held that the 2008 Guidelines clearly defined Bass's offenses as unrelated.  While Bass currently asserts that the 2007 Guidelines should have been applied, they are, in relevant part, identical to the 2008 Guidelines.

22.2.  The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As set forth above, this Court concluded that Bass's Sixth Amendment ineffective assistance of counsel claim lacks merit.  It further concludes that Bass has not demonstrated that jurists of reason would find this assessment debatable or wrong.  Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

**III.    CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255.  A certificate of appealability will not issue.  An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: October 17, 2011